EQUITABLE TRUST CO. OF NEW YORK v. WESTERN PAC. RY. CO. et al.

(District Court, N. D. California, Second Division. May 27, 1916.)

No. 169.

RAILROADS ⬅️192—FORECLOSURE OF MORTGAGES—SALE.

The upset price required to be bid for railroad property at a foreclosure sale may fairly be based on the present earning capacity of the road and the value of property not used in its operation.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 391, 634–642; Dec. Dig. ⬅️192.]

In Equity. Suit by the Equitable Trust Company of New York against the Western Pacific Railway Company. Order filing upset price for sale of property.

See, also, 231 Fed. 478.

---

Jared How, of San Francisco, Cal., for plaintiff.
John S. Partridge, of San Francisco, Cal., for receivers.
Charles W. Slack, of San Francisco, Cal., for Denver & R. G. Ry.
Pillsbury, Madison & Sutro, of San Francisco, Cal., for intervener.
John F. Bowie, of San Francisco, Cal., for reorganization committee.

DOOLING, District Judge. This is a proceeding to foreclose the mortgage securing the first mortgage bonds on the Western Pacific Railway Company, to the amount of $50,000,000. The cause was transferred to this division for the purpose of having determined here two questions:

(1) Should a minimum price be fixed at which the mortgaged property may be sold under the decree of foreclosure to be entered?

(2) If so, what sum should be fixed as such minimum or upset price?

It has been conceded by all the parties hereto that such a price should be fixed, so that the only question left for present determination is the amount which the court should require as the least sum for which it will permit the mortgaged property to be sold.

Of the parties before the court one side contends for a price of $40,000,000, the other for a price not in excess of $15,000,000. Testimony was taken, and various estimates given as to the value of the property. Not having the time, because of the pressure of other matters, to discuss the matter in extenso at present, I can only state at this time my conclusion, which is that, according to the testimony presented, the minimum price for which the court should permit the property to be sold is $18,000,000. This price is based upon the only concrete facts as to present value which the court has before it; that is to say, the present earning capacity of the road, the value of the unproductive properties, and the bonding power of the properties after the proposed sale. The earning capacity of the road is now about $1,000,000 above taxes, maintenance, and operating expenses. The unproductive properties on hand are, roughly, of the value of $1,500,000, and a bond issue is already underwritten which will produce the sum fixed, $18,000,000. If this sum were to be loaned solely on the properties as they now exist, I should fix the selling price at considerably more. But this money, if furnished, is to go into the road, thus increasing the value of the securities, so that the new bondholders will have as security the present value of the road plus the value put into it by the use of the money borrowed. It is not pretended by the court that these figures are strictly accurate, but that they are the best figures that the court can find from the evidence before it.

The upset price will therefore be fixed at $18,000,000.